# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:08CR00018 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| ELIZABETH COCILOVA, a/k/a ) | By: James P. Jones |
| ELIZABETH HALE, AND JUSTIN ) | Chief United States District Judge |
| EDWARD HALE, ) | |
| Defendants. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States of America; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Elizabeth Cocilova, a/k/a Elizabeth Hale; and Donald A. McGlothlin, Jr., The McGlothlin Firm, Lebanon, Virginia, and Helen E. Phillips, Grundy, Virginia, for Justin Edward Hale.*

The government moves for an order of restitution, to be paid to an alleged victim of the defendants' drug conspiracy. I find that I have authority to order restitution in this case, and I will order the defendants to pay for the full amount of the victim's loss in installments.

I

The two defendants in this case, Elizabeth Cocilova and Justin Hale, a married couple, were convicted of conspiring to distribute a controlled substance, 21 U.S.C.A.

§ 846 (West 1999) (incorporating 21 U.S.C.A. § 841 (West 1999 & Supp. 2008)); conspiring to obtain controlled substances by fraud, 21 U.S.C.A. § 846 (incorporating 21 U.S.C.A. § 843 (West 1999 & Supp. 2008)); possessing with intent to distribute or distributing a controlled substance, 21 U.S.C.A. § 841(a)(1); and multiple counts of obtaining controlled substances by fraud, 21 U.S.C.A. § 843(a)(3). A jury also found the defendants guilty of conspiring to commit bank fraud, 18 U.S.C.A. § 1349 (West Supp. 2008) (incorporating 18 U.S.C.A. § 1344 (West 2000)), and bank fraud, 18 U.S.C.A. § 1344, but they were subsequently acquitted of those charges. *See United States v. Cocilova*, 584 F. Supp. 2d 885, 891-92 (W.D. Va. 2008).

Evidence during the trial established that Cocilova embezzled money from her and Hale's employer, Appalachian Cast Products, Inc. ("ACP"), in order to finance illegal purchases of controlled substances for consumption and distribution. Although there was ample evidence that the defendants conspired to defraud ACP, I acquitted the defendants of the bank fraud charges because there was not sufficient evidence that a bank was an intended victim of the fraud. *Cocilova*, 584 F. Supp. 2d at 892.

At sentencing, I reserved a ruling on restitution in this case. Before ruling on the government's motion for restitution on behalf of ACP, I must determine (1) whether the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C.A.

§ 3663 (West 2000 & Supp. 2008), applies in this case, (2) whether ACP is a "victim" of the defendants' drug conspiracy offense, and (3) if restitution is permitted, what is the proper amount and schedule of payments.

II

In this case, there are two possible statutory bases for ordering restitution as a separate component of the defendants' sentences: the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C.A. § 3663A (West 2000 & Supp. 2008), and the VWPA, 18 U.S.C.A. § 3663.[1]  The government concedes that mandatory restitution under the MVRA does not apply.  None of the defendants' remaining convictions qualify for MVRA treatment under § 3663A(c)(1)(A).  Instead, the government argues that restitution is permissible under the VWPA.

The VWPA allows courts to order restitution for offenses "under this title" (title 18) and certain offenses under the Controlled Substances Act, including 21 U.S.C.A. § 841.  18 U.S.C.A. § 3663(a)(1)(A).  Restitution could therefore be awarded to victims of the defendants' offenses of possessing with intent to distribute or distributing controlled substances under 21 U.S.C.A. § 841; however, for reasons

---

[1] Restitution could also be ordered as a condition of supervised release pursuant to 18 U.S.C.A. § 3583(d) (West 2000 & Supp. 2008) and 18 U.S.C.A. § 3563(b)(2) (West 2000), but I need not consider that option if the VWPA applies.

- 3 -

explained below, ACP almost certainly is not a victim of those offenses as the term "victim" is defined in 18 U.S.C.A. § 3663(a)(2). ACP is much more likely a victim of the defendants' conspiracy to distribute controlled substances under 21 U.S.C.A. § 846.

Although 21 U.S.C.A. § 846 is not specifically listed in 18 U.S.C.A. § 3663(a)(1)(A) as a candidate for VWPA restitution, two circuit courts have found that restitution is permitted for offenses under § 846 that incorporate § 841. The VWPA explicitly permits restitution for offenses under § 841, and § 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C.A. § 846. The Fifth and Sixth Circuits have concluded that since a violation of § 846 incorporating § 841 must be subject to the same penalties as a violation of § 841, and § 841 violations are subject to restitution, § 846 violations incorporating § 841 must therefore also be subject to restitution. *See United States v. Gutierrez-Avascal*, 542 F.3d 495, 497-98 (5th Cir. 2008); *United States v. Daniel*, 14 F. App'x 355, 365 (6th Cir. 2001) (unpublished).

I find the reasoning of the Fifth and Sixth Circuits on this issue to be persuasive. The defendants' conspiracy convictions under 21 U.S.C.A. § 846 fall

within the purview of the VWPA, and a restitution order for those crimes will be appropriate so long as the remaining requirements of 18 U.S.C.A. § 3663 are met.

III

Under the VWPA, restitution may only be awarded to a "victim" of a qualifying offense with which the defendants have been convicted. 18 U.S.C.A. §§ 3663(a)(1)(A), (a)(2). Interpreting this statutory requirement, the Supreme Court held in *Hughey v. United States*, 495 U.S. 411, 413 (1990), that restitution may only be awarded under the VWPA "for the loss caused by the specific conduct that is the basis of the offense of conviction." This ruling was superceded in part by a congressional amendment to the definition of "victim" in 1990. *See* Crime Control Act of 1990, Pub. L. No. 101-647, § 2509, 104 Stat. 4789, 4863 (1990). Both the MVRA and the VWPA now define a "victim" as

> a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered *including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern*.

18 U.S.C.A. §§ 3663(a)(2), 3663A(a)(2) (emphasis added). Therefore, while the definition of "victim" for singular offenses remains constrained by the holding in

- 5 -

*Hughey*, *see United States v. Blake*, 81 F.3d 498, 506 & n.6 (4th Cir. 1996), *United States v. Broughton-Jones*, 71 F.3d 1143, 1148 (4th Cir. 1995), "victim" is now defined more broadly where a scheme or conspiracy is involved.

Several circuit court cases have interpreted the amended definition of "victim." For example, it has been held that where an indictment charges a scheme, restitution may be awarded to victims of offenses that were part of the same scheme even if those offenses were not specifically listed in the indictment or proved by the government at trial. *See United States v. Henoud*, 81 F.3d 484, 489 (4th Cir. 1996) ("The acts comprising the scheme to defraud . . . constitute the conduct underlying the offense of conviction and establish the outer limits of the restitution order.") (internal quotation marks and alterations omitted); *United States v. Jackson*, 155 F.3d 942, 949-50 (8th Cir. 1998).

Also, a defendant is responsible for restitution for losses caused during any act in furtherance of a conspiracy. *United States v. Obasohan*, 73 F.3d 309, 311 (11th Cir. 1996) (citing *United States v. Plumley*, 993 F.2d 1140, 1142 (4th Cir. 1993)); *Gutierrez-Avascal*, 542 F.3d at 498; *United States v. Davis*, 117 F.3d 459, 463 (11th Cir. 1997). The most notable case supporting this point is *Gutierrez-Avascal*, where the Fifth Circuit held that the district court had authority under § 3663 to award restitution to the victim of a car accident that occurred while the defendant was

fleeing the police in his automobile, which contained marijuana, in furtherance of a drug conspiracy offense under 21 U.S.C.A. § 846. 542 F.3d at 498.

In *Plumley*, the Fourth Circuit indicated its willingness to hold a defendant liable in restitution for a co-conspirator's acts in furtherance of the conspiracy. In that case, the defendant conspired to rob a bank. She did not actually rob the bank, but she drove her co-conspirator to a store to buy items for the robbery, provided her co-conspirator with loaded weapons, and drove the getaway car. The Fourth Circuit concluded,

> [T]he district court had the statutory authority to order restitution in this case because as a member of the conspiracy, Plumley was liable for all of the actions of her co-conspirators in furtherance of the conspiracy. . . . Stated differently, Plumley's conduct during the course of the conspiracy unquestionably caused direct harm to [the bank].

993 F.2d at 1142.

The defendants in this case have been convicted of conspiring to distribute or to possess with intent to distribute controlled substances, 21 U.S.C.A. § 846 (incorporating § 841), and possessing with intent to distribute or distributing controlled substances, 21 U.S.C.A. § 841, among other crimes. Restitution almost certainly may not be awarded to ACP for the distribution charge, § 841, because the conduct proscribed by that statute pertains solely to the possession and distribution of controlled substances and does not encompass embezzling money to procure those

- 7 -

drugs. However, ACP is a victim of the drug conspiracy offense under § 846. Cocilova embezzled money from ACP in furtherance of the conspiracy to possess and subsequently distribute drugs. Cocilova admitted to authorities that the embezzled money was used, in part, to procure drugs. Although defendant Hale notes that Cocilova was the person who actually signed company checks to embezzle funds from ACP, he may be held responsible for the acts of his co-conspirator in furtherance of the conspiracy. *Plumley*, 993 F.2d at 1142.

It is worth noting that the defendants were acquitted of bank fraud, 18 U.S.C.A. § 1344, and conspiracy to commit bank fraud, 18 U.S.C.A. § 1349, for which restitution likely would have been mandatory under the MVRA. *See* 18 U.S.C.A. § 3663A(c)(1)(A)(ii). Restitution to ACP would have flowed more easily from these offenses, which are more logically related to embezzling funds from an employer than a typical drug conspiracy. However, the fact that the defendants were acquitted of those two counts does not prohibit restitution for the conduct involved. *United States v. Boyd*, 222 F.3d 47, 51 (2d Cir. 2000) (concluding that it is "clear that the VWPA confers authority to order a participant in a conspiracy to pay restitution even on uncharged or acquitted counts"). The basis for the acquittal was the government's failure to prove intent to defraud a bank; the jury presumably found that the defendants did indeed conspire to embezzle funds from their employer ACP. The

embezzlement of funds was an element of bank fraud, but it was also in furtherance of the drug conspiracy, and therefore supports an award of restitution in this case.

IV

Since I have authority under the VWPA to order restitution in this case, I must now decide whether to exercise my discretion to do so under 18 U.S.C.A. § 3663. In making this determination, I must consider the amount of loss to the victim and the defendant's financial circumstances. § 3663(a)(1)(B)(i). Once the decision to award restitution has been made, however, restitution in the full amount of the victim's loss is required. 18 U.S.C.A. § 3664(f)(1)(A) (West 2000). The court should, of course, take the defendant's financial circumstances into account in setting the payment schedule. §§ 3664(f)(2)(A)-(C). *See United States v. Day*, 418 F.3d 746, 754-56 (7th Cir. 2005).

As the Presentence Investigation Report ("PSR") for each defendant shows, ACP suffered a loss of $126,800 as a direct result of the defendants' conspiracy. The company is a small manufacturing business that suffered in no small measure as a result of this loss.

A defendant bears the burden of establishing by a preponderance of the evidence his or her inability to make restitution. *See United States v. Castner*, 50 F.3d

1267, 1277 n.9 (4th Cir. 1995). The defendants have a dependent child and few, if any, assets.[2] On the other hand, even indigent defendants may be ordered to pay restitution under the VWPA if they have future earning potential. *See Castner*, 50 F.3d at 1278. Here the defendants are young (ages 29 and 27), both have substantial past work experience,[3] and Cocilova has a Bachelor of Science degree. While the defendants are now burdened with felony convictions, they clearly have the opportunity for future earnings. Thus, they are able to pay some amount of restitution. After considering the factors set forth in § 3663(a)(1)(B)(i), I find it appropriate to exercise my discretion to order restitution in this case.

Restitution must be ordered in the full amount of the victim's loss, § 3664(f)(1)(A), which is $126,800.[4] The defendants will be held jointly and severally liable to ACP for that amount. Due to the defendants' limited financial resources, a payment schedule is appropriate. § 3664(f)(2). I will therefore order

---

[2] The PSRs show that Cocilova owns a small amount of equity in a home, a motor vehicle, and a boat, but also has a substantial amount of student loans to repay and personal debt. Hale apparently has no assets, and he has unpaid medical expenses and personal debt.

[3] Prior to working for ACP, Cocilova worked in three different retail stores. Hale has worked as an auto mechanic and a landscaper, and prior to the commencement of this case he owned his own landscaping business.

[4] While the evidence does not disclose that all embezzled funds were used to buy drugs, the evidence shows that the drug conspiracy was the principal motive for the embezzlement.

each defendant to pay $25 per month or one-half of his or her income, whichever is less, while incarcerated, and $100 per month after release from prison. Pursuant to 18 U.S.C.A. § 3664(k) (West 2000), the defendants "shall notify the court and the Attorney General of any material change in the defendant[s'] economic circumstances that might affect [their] ability to pay restitution. . . . [T]he court may . . . adjust the payment schedule, or require immediate payment in full, as the interests of justice require."[5]

V

For the foregoing reasons, it is **ORDERED** that the government's motion for restitution is GRANTED. The clerk is directed to prepare an amended judgment setting forth the restitution described herein.

ENTER: January 27, 2009

/s/ JAMES P. JONES
Chief United States District Judge

---

[5] Because of the large amount of restitution ordered and the defendants' limited financial resources, I will waive any payment of interest. 18 U.S.C.A. § 3612(f)(3)(A) (West 2000).

- 11 -